**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Robert Wayne MONTGOMERY,**
**Defendant–Appellant.**

No. 04–10188.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 26, 2005.

Denise B. Williams, U.S. Attorney's Office, Northern District of Texas, Lubbock, TX, for Plaintiff–Appellee.

Michael James Brown, Snyder, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This court affirmed the sentence of Robert Wayne Montgomery. *United States v. Montgomery*, No. 04–10188 (5th Cir. Dec. 16, 2004). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Montgomery v. United States*, —— U.S. ——, 125 S.Ct. 1948, 161 L.Ed.2d 765 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

Montgomery argues that his sentence must be vacated and the case remanded

---

under *Booker* because the facts on which the district court relied to enhance his sentence were not charged in the indictment, admitted by him, or proven by the Government beyond a reasonable doubt. Montgomery's contention that review is de novo because he preserved the *Booker* error lacks merit. *See United States v. Ocana*, 204 F.3d 585, 589 (5th Cir.2000). Montgomery fails to meet his burden of showing that the district court's sentence under guidelines it deemed mandatory affected his substantial rights such that his sentence amounts to plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005)(No. 04–9517).

Because nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Montgomery's conviction and sentence.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.